UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**XAVIER MONTGOMERY**　　　　　　　**CASE NO. 2:24-CV-01295**

**VERSUS**　　　　　　　　　　　　　　**JUDGE JAMES D. CAIN, JR.**

**SCHOOL BOARD VERNON PARISH**　　**MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 23] filed by defendant James Williams under Federal Rule of Civil Procedure 12(b)(6). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from plaintiff's termination from his position as a math teacher and basketball coach with VPSB. Plaintiff, who is Black, began his employment with VPSB in August 2021 as a math teacher and basketball coach. Doc. 17, ¶ 7. He alleges that he was pressured by his principal, a school board member, and Superintendent Williams to reinstate a specific student to the basketball team, under terms that were not applied to other students. *Id.* at ¶¶ 9–13. Plaintiff maintains that he was harassed, threatened, and ultimately forced to transfer to another school, at lesser pay, because of his refusal to comply. *Id.* at ¶¶ 15–20. He also asserts that his white coworkers, including two other identified coaches, "were not subjected to the same terms and conditions regarding their coaching positions and teams, demonstrating intentional discrimination based on race," and that he complained of this disparate treatment as well as the harassment he received. *Id.* at

¶¶ 11, 17–19. Even after his transfer, plaintiff alleges, he was non-renewed at the end of the 2021-22 school year. *Id.* at ¶ 21.

Plaintiff filed suit against VPSB and Superintendent Williams, complaining of race discrimination, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981. Docs. 4, 17. Williams is named in both his official and individual capacity. Doc. 17. Williams now moves to dismiss the claims against him, arguing that the official capacity claims are redundant of those against VPSB and that the individual capacity claims fail because (1) § 1981 does not provide a direct cause of action against state officials; (2) the allegations against Williams are conclusory; (3) Williams is entitled to qualified immunity; (4) plaintiff fails to state a hostile work environment or retaliation claim against Williams; and (5) Williams is not subject to punitive damages. Plaintiff has filed no opposition within the time allotted by the court. The motion is therefore regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Official capacity claims

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Notariano v. Tangipahoa Parish Sch. Bd.*, 266 F.Supp.3d 919, 928 (E.D. La. 2017) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Accordingly, the court may dismiss the claims against an official in his official capacity as duplicative when they seek identical relief as the claims against the governmental entity. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Through his official capacity claims, plaintiff seeks identical equitable and monetary relief from defendants. *See* doc. 17. Additionally, to the extent he would hold Williams liable in his official capacity as a policymaker, *Monell* does not require that that the individual defendant be named in his official capacity in order for the entity to be held liable for his unconstitutional policies. *See Baker v. Llano Cnty.*, 746 F.Supp.3d 429, 439–440 (W.D. Tex. 2024). Maintaining these duplicative claims serves no purpose and carries a risk of

confusing the issues or misleading the jury. The court will grant the motion as to the official capacity claims against defendant Williams.[1]

### 2. Individual capacity claims

#### a. Lack of standalone claim

Plaintiff also asserts that defendant Williams, acting in his individual capacity, personally participated in the discriminatory employment actions, making him liable under 42 U.S.C. § 1981. Doc. 17. Defendants maintain that § 1981 does not create a standalone claim against state actors in their individual capacities and that the vehicle for such claims is § 1983, which plaintiff has not invoked. 42 U.S.C. § 1981.

"Section 1981 refers to racial discrimination in the making and enforcement of contracts." *Adams v. McDougal,* 695 F.2d 104, 108 (5th Cir.1983) (citing *Johnson v. Railway Express Agency,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)). As this court pointed out, "the Fifth Circuit has recognized a cause of action against an unelected government employee [under § 1981] in his individual capacity." *Knox v. City of Monroe*, 551 F.Supp.2d 504, 509 (W.D. La. 2008); *see, e.g.*, *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337–38 (5th Cir. 2003). Such a claim must be pursued through 42 U.S.C. § 1983, which provides the remedy for civil rights violations committed by state actors. *Id.* (citing *Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002)); *see Escamilla v. Elliott*, 816 F. App'x

---

[1] At the end of his motion Williams also states that he incorporates arguments raised in VPSB's Rule 12(b)(6) motion. Noting that plaintiff's subsequent amended complaint appeared to address some of the deficiencies identified in the motion, the court denied it "without prejudice to VPSB's right to re-urge any argument based on the allegations in the Second Amended Complaint." Doc. 19. Williams, who is represented by the same counsel as VPSB, makes no effort to adapt the arguments from VPSB's motion to the new complaint. The court has dismissed the official capacity claims against Williams on other grounds and will not give any further consideration to the arguments raised in VPSB's original motion unless they are properly briefed in a motion addressed to the amended pleadings.

919, 924 (5th Cir. 2020) ("[T]he law is well-settled that § 1983 provides the only federal damages remedy against local government actors for violations of § 1981."). But as the Fifth Circuit recognized, recent Supreme Court authority casts doubt on a more formalistic approach to pleadings in civil rights actions. *Escamilla*, 816 F. App'x at 923–24. In *Johnson v. City of Shelby*, the Court overturned Fifth Circuit precedent requiring plaintiffs to specifically invoke § 1983 in asserting a Fourteenth Amendment violation. Subsequently, the Fifth Circuit also expressed concerns "about the district court's denial of [the plaintiff's] section 1981 claim on the ground that she did not cite section 1983 as the procedural vehicle for asserting such a claim, particularly after the Supreme Court's decision in *Johnson v. City of Shelby*." *Id.* (quoting *Graham v. Bluebonnet Trails Co.*, 587 F. App'x 205, 206 (5th Cir. 2014)) (alterations in *Graham*). Accordingly, the court does not regard plaintiff's failure to invoke § 1983 as a sufficient basis for dismissing her personal capacity claims against Williams.

### b. Lack of sufficient detail

Next, plaintiff contends that the individual capacity allegations against Williams lack sufficient detail. But plaintiff has alleged Williams's personal involvement in reating plaintiff differently from white employees by interfering in and then retaliating against him based on his team management, and demoting and then non-renewing him. Doc. 17, ¶¶ 7–20. These suffice to give defendants "fair notice of the nature of the claim and that the right to relief is 'above the speculative level.' Details beyond this threshold may be obtained through discovery or a motion for a more definite statement." *E.E.O.C. v. Hobson Air*

*Conditioning, Inc.*, 2010 WL 3835553, at *2 (N.D. Tex. Sep. 28, 2010) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512–14 (2002)).

### c. Qualified immunity

Williams next contends that he is entitled to qualified immunity. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). "Although qualified immunity is nominally an affirmative defense, the plaintiff bears a heightened burden to negate the defense once properly raised." *Doe v. Ferguson*, 128 F.4th 727, 734 (5th Cir. 2025) (quoting *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012)). A plaintiff seeking to overcome this defense must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (quoting *Converse v. City of Kemah, Tex.*, 961 F.3d 771, 774 (5th Cir. 2020)). Williams maintains that the plaintiff fails to satisfy either prong.

On the first prong, a plaintiff who sues under § 1981 "bears the burden of showing that race was a but-for cause of its injury." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020). Plaintiff has alleged that white employees were not subject to the same degree of scrutiny or interference in their team management, which culminated in his non-renewal. These allegations state a plausible claim of a statutory violation. And the Fifth Circuit has clearly established both the illegality of race discrimination and the availability of a § 1981 claim against unelected officials in their

individual capacity. *See Crawford v. City of Houston*, 260 F. App'x 650, 652 (5th Cir. 2007) (holding § 1981 makes discriminatory promotion decisions unlawful); *Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1372 (5th Cir. 1992) (holding racial discrimination in employment after contract formation is actionable under § 1981); *Harris v. City of Balch Springs*, 9 F. Supp. 3d 690, 703 (N.D. Tex. 2014) (collecting cases and holding the ability to bring a race discrimination claim against supervisors in their individual capacities to be clearly established). Plaintiff's allegations are therefore sufficient to overcome a qualified immunity defense at the pleading stage.

### d. Failure to state hostile work environment or racial discrimination claim

Williams asserts that the complaint fails to state a claim for hostile work environment or retaliation. On the hostile work environment claim, Williams argues that plaintiff "relies only on conclusory allegations that white coaches were treated differently" and has not identified any "racially charged statements or pervasive conduct attributable to Williams." Doc. 23, att. 1, p. 5. On the retaliation claim, Williams maintains that plaintiff's own allegations tie any adverse employment actions to his refusal to reinstate a student rather than his opposition to discrimination. *Id.*

Claims of race-based discrimination brought under § 1981 are governed by the same framework applied to claims of employment discrimination brought under Title VII. *See Harrington v. Harris,* 118 F.3d 359, 367 (5th Cir.1997) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 2 (5th Cir.1996)). "A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and

create an abusive working environment." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (internal quotations omitted). In determining whether a workplace constitutes a hostile work environment, a court "examines the totality of circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017) (citation and quotations omitted). Additionally, the plaintiff must show that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 482 (5th Cir. 2002) (internal quotations omitted).

  Plaintiff combines his racial discrimination and hostile work environment claim. He only offers the conclusory allegation that he "was subjected to constant interference, threats, and harassment from school officials . . . when making decisions about his team's roster and disciplinary actions," while "similarly situated white coaches" were not subjected to this treatment. Doc. 17, ¶ 15. To the extent this disparate treatment allegedly led to plaintiff's demotion and non-renewal, it suffices for a discrimination claim. But there is no information as to the specific content of these threats, and no way for the court to determine if they were sufficiently severe or pervasive to amount to an actionable hostile work environment under § 1981. Accordingly, the hostile work environment claim will be dismissed with leave to amend.

As for the retaliation claim, a plaintiff must show that: (1) he engaged in an activity protected by statute; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Willis v. Cleco Corp.,* 749 F.3d 314, 317 (5th Cir.2014). Williams maintains that the complaint points to plaintiff's coaching decisions as the reason for any adverse employment action. Plaintiff alleges that he engaged in protected activity by complaining of discrimination and that he was subsequently non-renewed. Doc. 17, ¶¶ 26–27. In his factual allegations, however, he points to the school's interference with his coaching decisions, particularly regarding the reinstatement of a student. He then states:

> Plaintiff's refusal to reinstate the student under discriminatory and preferential terms led to a recommendation for his termination, a transfer to a lower-paying position, and ultimately, the non-renewal of his contract. By contrast, the white coaches were not subject to these adverse actions.

*Id.* at ¶ 17. Thus, it is unclear whether his complaints played any role in the alleged adverse employment actions. This claim will likewise be dismissed, with leave to amend. Because these deficiencies apply to the claims against the school board as well, the dismissal inures to the benefit of both defendants.

### e. Punitive damages

Finally, punitive damages are only available against a government actor in his individual capacity. *E.g., Broussard v. Lafayette City-Par. Consol. Gov't*, 45 F.Supp.3d 553, 579 (W.D. La. 2014); *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F.Supp.2d 461, 472–73 (W.D. La. 2013). Williams maintains that any such claim against him must be dismissed because plaintiff fails to show the sort of egregious conduct giving rise to

punitive damages under a civil rights case. But this case is in its infancy, and plaintiff has alleged that Williams "personally participated in the intentional discriminatory acts," including the alleged disparate treatment and adverse employment actions made against plaintiff based on his race. Doc. 17, ¶ 20. Nor does Williams cite to any case law showing the unavailability of punitive damages for such allegations. Accordingly, the court will preserve the punitive damages claim pending further developments.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 23] will be **GRANTED IN PART** and **DENIED IN PART**, insofar as the claims against defendant James Williams in his official capacity are **DISMISSED WITH PREJUDICE** as duplicative while the retaliation and hostile work environment claims against both Vernon Parish School Board and James Williams in his individual capacity are **DISMISSED**, without prejudice to plaintiff's right to amend and address the deficiencies in these claims only within 30 days. If plaintiff fails to seek leave to amend, the claims are **DISMISSED WITH PREJUDICE**. Plaintiff's race-based discrimination claim against Vernon Parish School Board and James Williams in his individual capacity survives this motion.

**THUS DONE AND SIGNED** in Chambers on the 8th day of October, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE